**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

OPACMARE USA, LLC

Plaintiff,

v.

LAZZARA CUSTOM YACHTS, LLC, a Florida limited liability company, JOSEPH M. LAZZARA, an individual, and STEVEN B. LAZZARA, an individual

Defendants.

CIVIL ACTION NO. 8:16-CV-3288-T-33JSS

# COMPLAINT

**COMES NOW,** Opacmare USA, LLC ("Opacmare"), Plaintiff in the above-captioned matter, and files this Complaint for damages and injunctive relief against Defendants Lazzara Custom Yachts, LLC, Joseph M. Lazzara, and Seteven B. Lazzara ("Defendants") and shows the Court as follows:

## JURISDICTION

1. This is an action for trademark infringement, unfair competition, counterfeiting, and cyberpiracy arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, common law trademark infringement and unfair competition, and unfair competition pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*

2. This Court has jurisdiction over all causes of action set forth herein pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and the supplemental jurisdiction of the Court as provided in 28 U.S.C. § 1367.

TPA04443

3. Personal jurisdiction over the Defendants is proper on the grounds that Defendants operate, conduct, engage in, or carry on a business or business venture in the State of Florida within this judicial district and division, and the events giving rise to the cause of action occurred within the State of Florida and this judicial district and division.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(d).

## THE PARTIES

5. Opacmare USA, LLC is a Florida limited liability company with its principal place of business at 1631 W McNab Road, Pompano Beach, Florida 33069.

6. On information and belief, Defendant Lazzara Custom Yachts, LLC is a Florida limited liability company with its principal place of business at 5251 W Tyson Ave., Tampa, Florida 33611.

7. On information and belief, Joseph M. Lazzara is the President of Lazzara Custom Yachts, LLC and a member of the company.

8. On information and belief, Steven B. Lazzara is the CFO of Lazzara Custom Yachts, LLC and a member of the company.

## RELEVANT FACTS

9. Opacmare s.r.l. was founded in 1995 in Rivalta Di Torino, Italy.

10. Opacmare s.r.l. produces high quality yacht and superyacht components.

11. Opacmare USA, LLC is an affiliate of Opacmare s.r.l.

12. On information and belief, Lazzara Yacht Corporation was a Florida corporation that built yachts.

13. Lazzara Yacht Corporation was previously the registrant and owner of U.S. Trademark Registration No. 3064907 for the mark LAZZARA (Stylized), covering "yachts" in International Class 12 (the "LAZZARA Mark" or "LAZZARA Registration" as appropriate). A true and correct copy of the USPTO TSDR printout for the LAZZARA registration is attached as Exhibit A.

14. After Lazzara Yacht Corporation failed to pay Opacmare approximately $193,000 for Opacmare products which Lazzara Yacht Corporation had ordered and received, but failed to pay for, Opacmare sued Lazzara Yacht Corporation in the Circuit Court of the 17th Judicial Circuit In and For Broward County, Florida, on January 27, 2011, Case No. 11-002217 (03) (the "Broward Litigation").

15. After four years of litigation, on February 23, 2015, Opacmare obtained a consent final judgment in the amount of $187,375.00 in the Broward Litigation naming Lazzara Yacht Corporation the judgment debtor. A true and correct copy of the consent final judgment is attached as Exhibit B.

16. On May 19, 2015, Opacmare recorded with the United States Patent and Trademark Office ("USPTO"), its consent final judgment as an assignment of the LAZZARA Mark from Lazzara Yacht Corporation to Opacmare, along with U.S. Registration No. 3044173 for the mark SEACHECK (the "SEACHECK Mark"). A true and correct copy of the Trademark Assignment Cover Sheet with Consent Final Judgment Filed with the USPTO is attached as Exhibit C.

17. On May 20, 2015, Opacmare recorded a judgment lien against Lazzara Yacht Corporation with the Florida Secretary of State for the amount of the consent final judgment. Opacmare also recorded the judgment with the USPTO as a lien on the LAZZARA and

SEACHECK Marks. A true and correct copy of the Lien filed with the USPTO is attached as Exhibit D.

18. On June 25, 2015, with execution of the consent final judgment still outstanding, Opacmare filed a Motion for Proceedings Supplementary Pursuant to Fla. Stat. § 56.29 in the Broward Litigation to collect its money judgment against Lazzara Yacht Corporation.

19. On July 22, 2015, the Honorable Judge Mily Rodriguez Powell granted Opacmare's Motion for Proceedings Supplementary. A true and correct copy of the Order is attached as Exhibit E.

20. The Honorable Judge Powell ordered:

> That all Lazzara Yacht Corporation intellectual property, including but not limited to the Lazzara trademark currently registered with the United States Patent and Trademark Office, registered on March 7, 2006 with Serial Number 76627541 shall be assigned to the Plaintiff/judgment creditor, Opacmare USA, LLC in satisfaction of its judgment against Lazzara Yacht Corporation in the amount of $187,375.00.

(Exhibit E.)

21. On August 25, 2015, Opacmare recorded Judge Powell's order with the USPTO as an assignment of the LAZZARA Mark to Opacmare. A true and correct copy of the Trademark Assignment Cover Sheet with Court Order is attached as Exhibit F.

22. According to the USPTO's online records, Opacmare is the owner of the LAZZARA Mark and Registration.

23. Opacmare uses the LAZZARA Mark on point-of-sale materials and in advertising and marketing materials for its custom yachts, which yachts are sold in commerce, and has not abandoned the mark.

24. On May 2, 2016, approximately nine (9) months after Judge Powell ordered that all of Lazzara Yacht Corporation's intellectual property be assigned to Opacmare, including the

LAZZARA Mark, Defendant Lazzara Custom Yachts filed a "Motion to Reopen Case, Motion to Intervene, and Motion to Vacate Order, or, Alternatively, Motion to Set Status Conference" (the "Motion to Intervene") in the Broward Litigation.

25. On information and belief, Defendants Joseph Lazzara and Steven Lazzara are members and officers of Defendant Lazzara Custom Yachts and the sons of Richard Lazzara and Brad Lazzara, respectively, the owners and founders of Lazzara Yacht Corporation.

26. On information and belief, at the time it was formed until April 23, 2015, Lazzara Yacht Corporation had a principal place of business at 5250 W Tyson Ave., Tampa, Florida 33611.

27. On information and belief, Defendant Lazzara Custom Yachts has its principal place of business at 5251 W Tyson Ave., Tampa, Florida 33611.

28. Defendant Lazzara Custom Yachts' Motion to Intervene claimed "the intellectual property sought to be transferred pursuant to [Judge Powell's] Order had already been conveyed to other unrelated parties years earlier" and therefore was not properly granted to Opacmare.

29. On September 29, 2016, Judge Powell denied the Motion to Intervene acknowledging "[t]here is no dispute that the trademark was registered in the United States Patent and Trademark Office to [Lazzara Yacht Corporation] when the July 22, 2015 order was executed." Judge Powell further noted that there was no evidence that the LAZZARA Mark had been assigned. A true and correct copy of the order is attached as Exhibit G.

30. On information and belief, Defendants are currently offering Lazzara-branded yachts for sale under the LAZZARA Mark.

31. On information and belief, Defendant Lazzara Custom Yachts, LLC is the registrant of the domain name <lazzarayachts.com>.

32. Defendants' website, www.LazzaraYachts.com, advertises the sale of yachts under the LAZZARA Mark.

33. The website at www.LazzaraYachts.com clearly and prominently displays the LAZZARA Mark on the homepage. The website also displays the language: "New Company. New Yachts. Same Great Name."

34. On information and belief, Defendants also maintain a Facebook page (www.facebook.com/LazzaraYachts) and an Instagram account (www.instagram.com/LazzaraYachts) advertising yachts under the LAZZARA Mark.

35. On information and belief, there is a substantial and continuing connection between Defendants Joseph and Steven Lazzara and Defendant Lazzara Custom Yachts with respect to the infringing acts.

36. After a reasonable opportunity for further investigation or discovery, it is likely the evidence will show that Defendants Joseph and Steven Lazzara personally participated in the acts of infringement alleged above.

37. On information and belief, Defendants Joseph and Steven Lazzara are dominant influences in Lazzara Custom Yachts and derive financial benefit from the sale of its custom yachts.

38. Opacmare does not and has never consented to Defendants' use of the LAZZARA Mark.

39. Defendants are using the LAZZARA Mark in commerce in the United States with the knowledge that Opacmare owns the LAZZARA Mark and LAZZARA Registration.

40. Defendants' actions have forced Opacmare to bring this action in this Court to protect its trademark rights in the LAZZARA Mark.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

41. The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth.

42. Defendants' unauthorized use of the LAZZARA Mark constitutes a use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the LAZZARA Mark in connection with the sale, offering for sale, distribution, and/or advertising of goods that are identical to the goods provided under Opacmare's registered trademark, and that are marketed through the same channels of trade and to the same class of consumers. Such use of the LAZZARA Mark by Defendants is likely to cause confusion, to cause mistake, or to deceive, and will cause purchasers and potential purchasers to falsely believe that Defendants' goods are sponsored by, approved by, or affiliated with Opacmare.

43. Defendants' unauthorized use of the LAZZARA Mark has caused, is causing, and will continue to cause damage and other irreparable injury to Opacmare unless such use is immediately and permanently enjoined by this Court, Opacmare having no adequate remedy at law.

44. On information and belief, Defendants' aforementioned acts have been and are being committed with knowledge of Opacmare's ownership of the LAZZARA Mark and Registration, and with knowledge that such acts are causing confusion, or are likely to cause confusion, to cause mistake, or to deceive.

45. Defendants' acts are intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. Therefore, this is an exceptional case.

46. Defendants' use in commerce of a mark confusingly similar to the LAZZARA Mark and LAZZARA Registration is an infringement of Opacmare's rights in and to its federally registered trademark in violation of 15 U.S.C. § 1114.

47. Pursuant to 15 U.S.C. § 1117, Opacmare is entitled to recover from Defendants jointly and severally: (1) Defendants' profits, (2) any damages sustained by Opacmare, and (3) the costs of the instant action. Further, based on the nature of Defendants' violation of Opacmare's trademark rights, Opacmare is entitled to reasonable attorneys' fees and the trebling of such profits or damages.

**COUNT II**
**FEDERAL TRADEMARK COUNTERFEITING**
**(15 U.S.C. § 1114)**

48. The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth.

49. Defendants' use of the LAZZARA Mark is identical to, and substantially indistinguishable from, Opacmare's registered LAZZARA Mark.

50. Defendants' willful and unauthorized use of the LAZZARA Mark constitutes a use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Opacmare's LAZZARA Mark in connection with the sale, offering for sale, distribution, and/or advertising of goods for which Opacmare holds a federal trademark registration, and which use is likely to cause confusion, or to cause mistake, or to deceive, and will cause purchasers and potential purchasers to falsely believe that Defendants' goods are sponsored by, approved by, or affiliated with Opacmare.

51. On information and belief, without Opacmare's consent or authorization, Defendants have applied a reproduction, counterfeit, copy, or colorable imitation of Opacmare's

LAZZARA Mark onto yachts, and used the reproduction, counterfeit, copy, or colorable imitation of the mark in advertisements in commerce and in connection with the sale, offering for sale, distribution, and advertising of goods for which Opacmare holds a federal trademark registration. Such conduct is likely to cause confusion, or to cause mistake, or to deceive, and will cause purchasers and potential purchasers to falsely believe that Defendants' goods are sponsored by, approved by, or affiliated with Opacmare, and will result in Defendants unfairly and illegally benefitting from Opacmare's goodwill.

52. Defendants' acts constitute trademark counterfeiting in violation of 15 U.S.C. § 1114 and have caused, are causing, and will continue to cause damage and other irreparable injury to Opacmare unless such acts are enjoined by this Court, Opacmare having no adequate remedy at law.

53. Pursuant to 15 U.S.C. § 1117, Opacmare is entitled to recover from Defendants jointly and severally: (1) Defendants' profits and any actual damages sustained by Opacmare, or statutory damages of not more than $200,000 per mark per type of good sold for Defendants' use of a counterfeit mark, and (2) the costs of the instant action.

54. Defendants have used the LAZZARA Mark knowing such mark is a counterfeit mark in connection with the sale, offering for sale, or distribution of its goods. Therefore, Opacmare is entitled to recover three times its actual damages or Defendants' profits, whichever amount is greater, or may elect to recover statutory damages of not more than $2,000,000 per counterfeit mark per type of good sold pursuant to 15 U.S.C. § 1117.

**COUNT III**
**FEDERAL UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**

55. The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth.

56. In marketing yachts under the LAZZARA Mark, Defendants have affixed, applied, annexed, or used in connection with its goods a false designation of origin or a false or misleading description or representation of fact that is likely to cause confusion, to cause mistake, or to deceive others to believe that Defendants' goods are made by, sponsored by, approved by, originate with, or are affiliated with Opacmare. Defendants have caused, with knowledge of such false designation of origin or description or representation, such goods to be offered for sale or use in interstate commerce with knowledge of such false designation of origin or description or representation.

57. Defendants have willfully promoted in interstate commerce the sale of their goods in a manner so as to designate falsely an origin or association with Opacmare, with the LAZZARA Mark, the LAZZARA Registration, and with Opacmare's goods, so as to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Defendants' goods, all to Defendants' profit and Opacmare's damage.

58. Opacmare has been irreparably damaged by the use of such false designation and/or representation, and will continue to be irreparably damaged unless Defendants' acts are enjoined by this Court, Opacmare having no adequate remedy at law.

59. Defendants have intentionally traded on the goodwill established by Opacmare (by itself and the mark's prior owner, Lazzara Yacht Corporation) in the LAZZARA Mark, through Defendants' advertising and sales of identical goods under an identical mark, and by marketing its goods under this identical mark in interstate commerce.

60. Defendants' acts, as set forth above, constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. § 1125(a).

61. Pursuant to 15 U.S.C. § 1117, Opacmare is entitled to recover from Defendants jointly and severally: (1) Defendants' profits, (2) any damages sustained by Opacmare, and (3) the costs of the instant action. Further, based on the willful nature of Defendants' violation of Opacmare's trademark rights, this is an exceptional case and Opacmare is entitled to recover its reasonable attorneys' fees and the trebling of profits or damages.

**COUNT IV**
**FEDERAL CYBERPIRACY**
**(15 U.S.C. § 1125)**

62. The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth.

63. At all times relevant hereto, Opacmare has been and still is the owner of the rights, title and interest in and to the LAZZARA Mark.

64. Upon information and belief, Defendants acted with the bad faith intent to profit from Opacmare's LAZZARA Mark and the goodwill associated with the Mark by registering or using the domain name <lazzarayachts.com>, which is identical, confusingly similar to or dilutive of Opacmare's LAZZARA Mark.

65. Defendants have no intellectual property rights in or to the LAZZARA Mark.

66. Defendants' actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

67. Defendants' conduct is done with knowledge and constitutes a willful violation of Opacmare's rights in the LAZZARA Mark. At a minimum, Defendants' conduct is in reckless disregard of Opacmare's rights or demonstrates willful blindness to Opacmare's rights.

68. The aforesaid conduct is causing Opacmare immediate and irreparable injury, Opacmare having no adequate remedy at law.

69. Defendants' bad faith cyberpiracy entitles Opacmare to an order from the Court directing forfeiture or cancellation of the domain name <lazzarayachts.com> or the transfer of the domain name to Opacmare.

**COUNT V**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

70. The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth.

71. As a result of the public's association of the LAZZARA Mark with Opacmare, Defendants' use of deceptively similar mark in connection with its goods, which are the same as or substantially the same as Opacmare's goods, is likely to cause confusion, to cause mistake, or to deceive.

72. On information and belief, Defendants have offered for sale and sold their goods with prior knowledge of Opacmare's ownership of the LAZZARA Mark, and Defendants' sale of such goods was and is for the willful and calculated purpose of trading on Opacmare's goodwill and business reputation as embodied in and symbolized by the LAZZARA Mark.

73. On information and belief, Defendants have developed, promoted, offered for sale and sold their goods in such a manner as to inevitably suggest an association or affiliation with or sponsorship or approval by Opacmare, so as to cause, or likely cause, confusion or mistake among consumers as to the origin or sponsorship of Defendants' goods, all to Defendants' profit and Opacmare's damage.

74. Defendants' conduct, as set forth above, constitutes infringement of Opacmare's common law rights in and to the LAZZARA Mark, and further constitutes common law unfair competition with Opacmare, all of which has irreparably damaged and will continue to irreparably damage Opacmare, together with its goodwill and reputation, unless Defendants are enjoined and restrained by this Court, Opacmare having no adequate remedy at law.

**COUNT VI**
**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES**
**(FLA. STAT. § 501.201 *et seq.*)**

75. The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth.

76. Defendants' acts constitute unfair competition with Opacmare. Defendants' unauthorized use of the LAZZARA Mark is likely to cause confusion, to cause mistake, or to deceive as to the source, sponsorship, or approval of Defendants' goods in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*.

77. Defendants' acts greatly and irreparably damage Opacmare and will continue to so damage Opacmare unless restrained by this Court, Opacmare having no adequate remedy at law.

78. Accordingly, Opacmare is entitled to, among other things, an order enjoining and restraining Defendants from continuing to sell or offer for sale yachts under the LAZZARA Mark, actual damages, and reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Opacmare is entitled to and prays for relief as follows:

(i) That Defendants, and their officers, agents, servants, employees and attorneys, and all persons acting under their permission and authority, be preliminarily and permanently enjoined and restrained from offering for sale, selling and/or authorizing the offering for sale and sale of

any yachts under or in connection with the LAZZARA Mark, and from advertising and promoting and/or authorizing others to advertise and promote the sale of yachts under the LAZZARA Mark, or from using the LAZZARA Mark or any other designation, trademark, or service mark in any other manner that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendants' goods or from otherwise infringing the LAZZARA Mark.

(ii) That this Court order Defendants to deliver up for destruction all marketing, advertising, documents, signs, packages, forms, advertisements, letterheads, and/or other representations and means for reproducing the same, or any printed or recorded material that makes references to or depicts the LAZZARA Mark, or any designation or mark similar to the LAZZARA Mark, and to destroy or remove all other uses of the LAZZARA Mark similar to the LAZZARA Mark.

(iii) That Defendants be directed to file with the Court and serve upon Opacmare, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants complied with the injunctions of the immediately preceding paragraphs and any other provision of this Court's Order.

(iv) That an accounting be conducted and judgment rendered against Defendants jointly and severally for:

a. all profits received by Defendants from the sale of yachts under the LAZZARA Mark and any other trademark, service mark, or other designation confusingly similar to the LAZZARA Mark;

b. all damages in an amount proven at trial resulting from, inter alia, Defendants' trademark infringement, unfair competition, false designation of

origin, and false description or representation of Opacmare's LAZZARA Mark, pursuant to 15 U.S.C. § 1051 *et seq.*;

c. a trebling of any such damages or profits awarded, whichever is greater, for Defendants' intentional use of a counterfeit mark pursuant to 15 U.S.C. § 1117(b);

d. alternatively, an award of statutory damages of not more than two million dollars ($2,000,000) for Defendants' willful use of a counterfeit mark pursuant to 15 U.S.C. § 1117;

e. statutory damages of up to $100,000 per domain name pursuant to 15 U.S.C. § 1117(d).

(v) That Defendants, jointly and severally, be required to pay Opacmare monetary damages to be used for corrective advertising to be conducted by Opacmare.

(vi) That Defendants be ordered to forfeit, cancel, or transfer the domain name <lazzarayachts.com> to Opacmare.

(vii) That Opacmare have and recover from Defendants jointly and severally its expenses in this suit, including but not limited to its reasonable attorneys' fees and expenses, recoverable not only under 15 U.S.C. § 1117(a), but also under state law.

(viii) That Opacmare have and recover damages from Defendants jointly and severally for Opacmare's loss of business and goodwill suffered.

(ix) That Opacmare have such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Opacmare demands a trial by jury of all issues so triable.

Respectfully submitted November 29, 2016.

**THE SLADKUS LAW GROUP**

By: /s/ Jason H. Cooper
Jeffrey B. Sladkus[1]
Georgia Bar No. 651220
jeff@sladlaw.com
Mark L. Seigel[2]
Georgia Bar No. 634617
mark@sladlaw.com
Jason H. Cooper
jason@sladlaw.com
Florida Bar No. 98476
Georgia Bar No. 778884
1827 Powers Ferry Road
Building 6, Suite 200
Atlanta, GA 30339
Main: (404) 252-0900
Fax: (404) 252-0970
***Attorneys for Opacmare USA, LLC***

**CHRISTOPHER K. LEIGH, P.A.**

By: /s/ Christopher K. Leigh
Christopher K. Leigh
Florida Bar No. 807941
Wells Fargo Tower
1 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33301
Telephone: (954) 523-5555
Fax: (954) 523-5552
Email: chris@chrisleigh.com
***Attorney for Opacmare USA, LLC***

4816-0086-8669, v. 3

[1] *Pro hac vice* application filed contemporaneously herewith.
[2] *Pro hac vice* application filed contemporaneously herewith.