UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OPACMARE USA, LLC,

    Plaintiff,

v.                               Case No. 8:16-cv-3288-T-33JSS

LAZZARA CUSTOM YACHTS, LLC,
et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Opacmare USA, LLC's Motion for Voluntary Dismissal Without Prejudice, filed on October 9, 2017. (Doc. # 80). Lazzara Custom Yachts, LLC filed a response in opposition on October 23, 2017. (Doc. # 85). For the reasons that follow, the Motion is granted to the extent that Opacmare's claims are dismissed without prejudice subject to the condition set forth more fully below.

**I. Background**

Opacmare filed the Complaint on November 30, 2016 (Doc. # 1), and then the Amended Complaint on January 6, 2017, in response to an initial motion to dismiss. (Doc. ## 30, 44). The Amended Complaint alleges causes of action for trademark

infringement under 15 U.S.C. § 1114 and Florida common law; trademark counterfeiting, 15 U.S.C. § 1114; unfair competition under 15 U.S.C. § 1125(a) and Florida common law; cyberpiracy, 15 U.S.C. § 1125; and violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. (Doc. # 44). Lazzara Custom Yachts filed its Answer to the Amended Complaint on January 20, 2017, which included counterclaims seeking a declaratory judgment declaring it to be the owner of the LAZZARA trademark and correction of the trademark registry. (Doc. # 53). Defendants Joseph M. Lazzara and Steven B. Lazzara filed an Answer on January 25, 2017. (Doc. # 54).

According to Opacmare, it has been attempting to negotiate toward a voluntary dismissal without prejudice of its own claims, while allowing Defendant's counterclaims to continue to resolution before this Court, since at least June 6, 2017. (Doc. # 80 at 3). Lazzara Custom Yachts admits such negotiations occurred by June 26, 2017, at the latest. (Doc. # 85 at 7). The fact discovery deadline was July 3, 2017 (Doc. ## 49, 67), although depositions and expert discovery continued after that date (Doc. ## 49, 67, 85 at 7).

The parties filed a stipulation of voluntary dismissal as to the individual Defendants Joseph and Steven Lazzara on

July 4, 2017. (Doc. # 68). At this time, the case proceeds only as to Lazzara Custom Yachts, which filed a Motion for Summary Judgment on September 15, 2017. (Doc. # 79). Before its response was due on that motion, Opacmare filed Plaintiff's Motion for Voluntary Dismissal Without Prejudice on October 9, 2017. (Doc. # 80). Lazzara responded on October 23, 2017 (Doc. # 85), and the Motion is now ripe.

II. **Legal Standard**

"Rule 41(a) of the Federal Rules of Civil Procedure governs a plaintiff's ability to dismiss an action voluntarily and without prejudice. The rule allows a plaintiff to do so without seeking leave of court, as long as the defendant has not yet filed an answer or a motion for summary judgment." Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015) (internal citations omitted). But, if the defendant has filed an answer or motion for summary judgment,

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" Arias, 776 F.3d at 1268 (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986)).

"A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2) . . . ." Id. "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." Id. In determining whether a defendant will suffer clear legal prejudice, "the Court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence . . . in prosecuting the action, insufficient explanation for . . . a dismissal, and whether a motion for summary judgment has been filed by the defendant." Peterson v. Comenity Capital Bank, No. 6:14-cv-614-Orl-41TBS, 2016 WL 3675457, at *1 (M.D. Fla. May 3, 2016) (quoting Pezold Air Charters v. Phx. Corp., 192 F.R.D. 721, 728 (M.D. Fla. 2000)); see also Potenberg v. Boston Sci. Corp., 252 F.3d 1253, 1259 n.5, 1259-60 (11th Cir. 2001)(describing these factors as a guide, rather than

4

a mandatory checklist, which derives from Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)). Ultimately, "[t]he court's task is to 'weigh the relevant equities and do justice between the parties.'" Goodwin v. Reynolds, 757 F.3d 1216, 1219 (11th Cir. 2014) (quoting McCants, 781 F.2d at 857). Furthermore,

> [i]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation. Dismissal may be inappropriate, however, if it would cause the defendant to lose a substantial right. Another relevant consideration is whether the plaintiff's counsel has acted in bad faith.

Id. (internal citations and quotation marks omitted). The default under Rule 41(a)(2) is that a dismissal thereunder is without prejudice. Arias, 776 F.3d at 1268.

### III. Analysis

Opacmare's motion for voluntary dismissal was filed after the answer and the motion for summary judgment were filed. (Doc. ## 53, 79, 80). Opacmare thus needs Court approval. See Fed. R. Civ. P. 41(a). Lazzara's counterclaims are not an obstacle to the voluntary dismissal because they can be adjudicated independently of Opacmare's claims. See Fed. R. Civ. P. 41(a)(2).

Three of the four factors listed above, which are used as a guide to aid courts in determining if the defendant would

5

suffer legal prejudice, weigh in favor of granting the voluntary dismissal without prejudice. First, Opacmare has not excessively delayed this case and has diligently litigated thus far.

Second, Opacmare states the purpose of the dismissal is to streamline the issues to be adjudicated for the sake of judicial economy and for the benefit of both parties by avoiding additional litigation costs. (Doc. # 80 at 6-7). Opacmare is candid about its claims being unlikely to lead to a substantial award, other than possible attorneys' fees and costs, because of Lazzara's limited use of the contested trademark. (Id.). Thus, it hopes to stop investing further resources towards arguing infringement and focus on the counterclaims in order to determine ownership of the trademark efficiently. (Id.). This is a reasonable explanation for the voluntary dismissal.

Although a motion for summary judgment is pending, Opacmare denies that its motion for voluntary dismissal is an effort to avoid an adverse ruling on summary judgment. (Id. at 8-10). Multiple facts lend credence to this claim: it sought a negotiated voluntary dismissal of its claims more than three months prior to the motion for summary judgment (Doc. ## 79, 80 at 3); it has timely responded to the motion

6

for summary judgment (Doc. # 84); and, the voluntary dismissal will not prevent the Court's ruling on the motion for summary judgment. Thus, the fact that a motion for summary judgment is pending does not suggest that the motion for voluntary dismissal without prejudice should be denied.

Lazzara Custom Yachts's argument in opposition to voluntary dismissal without prejudice focuses on the fourth factor — the expense that it has incurred. (Doc. # 85). Lazzara claims that it will lose a substantial right if Opacmare's claims are dismissed without prejudice, which it identifies as the right to possibly be awarded attorneys' fees and costs if it prevails over Opacmare on the infringement claims. (Id.). In support, Lazzara relies on Peschke Map Techs. LLC v. Miromar Dev. Corp., 2:15-cv-173-FtM-38MRM, 2016 WL 1546465 (M.D. Fla. Apr. 15, 2016).

Peschke was a patent infringement case in which the plaintiff moved for voluntary dismissal with prejudice after the allegedly-infringed patent's claims were held invalid by another district court and after the defendant had moved for judgment on the pleadings. Id. at *1. The plaintiff offered no explanation for its request beyond its description of the situation. Motion to Dismiss Plaintiff's Claims with Prejudice, Peschke Map Techs. LLC v. Miromar Dev. Corp., 2:15-

7

cv-173-FtM-38MRM, 2016 WL 1546465 (M.D. Fla. Apr. 15, 2016), ECF No. 45. When it filed its motion for voluntary dismissal, the plaintiff in Peschke had just learned that its claims were doomed and the motion was a transparent attempt to avoid the possible imposition of attorneys' fees and costs. In contrast, Lazzara specifically argues in its response that Opacmare was aware of Lazzara's defenses prior to filing this lawsuit. (Doc. # 85 at 5-7). Lazzara does not attempt to argue that Opacmare has suddenly learned that an adverse ruling is imminent, and Opacmare states that it still believes that it will prevail in summary judgment. (Doc. # 80 at 9). Peschke is therefore distinguishable. The Court does not view Opacmare as having acted in bad faith.

Lazzara argues that Opacmare should be held to bear the risk of paying attorneys' fees and costs because Opacmare voluntarily took on that risk by filing this case. (Doc. # 85 at 5-7). Lazzara argues that it would be inequitable to allow a plaintiff to withdraw claims at the end of a lawsuit to avoid bearing the opposing party's attorneys' fees and costs, when the defendant is denied such an option. (Id.). Yet, the Motion before the court was hardly filed on the eve of trial. More than five months remain before the trial term. (Doc. # 49). It is reasonable for Opacmare to want to minimize future

8

litigation costs by narrowing the issues before the Court. Furthermore, the Court can adequately address the costs incurred by Lazzara through conditions imposed on a dismissal without prejudice.

"Where the 'practical prejudice' of expenses incurred in defending the action can be 'alleviated by the imposition of costs or other conditions,' the district court does not abuse its 'broad equitable discretion' by dismissing the action without prejudice." Potenberg, 252 F.3d at 1260 (quoting McCants, 781 F.2d at 859). Courts often grant motions for voluntary dismissal without prejudice, conditioned on the plaintiff paying the defendant's costs from the dismissed suit if the plaintiff chooses to refile the case; the Eleventh Circuit has upheld such rulings. See, e.g., id. ("[T]he district court attached the condition that, should Pontenberg re-file her action, the court should award costs to Boston Scientific pursuant to Rule 41(d). Therefore, any financial prejudice suffered by Boston Scientific has been adequately addressed."); Arias, 776 F.3d at 1273 ("The district court's attachment of conditions to the dismissal—requiring Arias to pay attorneys' fees and costs incurred in this litigation if she refiles—further weighs in favor of affirming the district court's voluntary dismissal of the case without prejudice.").

9

"Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." Arias, 776 F.3d at 1268. Lazzara has not identified any clear legal prejudice because the expenses incurred can be adequately addressed by the imposition of a condition on the dismissal. The Court therefore grants the Motion and dismisses Opacmare's claims without prejudice. However, the dismissal without prejudice carries with it the following condition: if Opacmare files a future action based on or including the claims of the Amended Complaint in any court, Opacmare shall be obligated to pay all attorneys' fees and costs incurred by Lazzara Custom Yachts, LLC from its defense of the claims in the Complaint and Amended Complaint. This sum will not include any attorneys' fees or costs attributable only to Lazzara's prosecution of its counterclaims.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** subject to the condition that, should Opacmare refile a future action based on or including the claims of the Amended Complaint in any court, Opacmare shall be obligated to pay

all attorneys' fees and costs incurred by Lazzara Custom Yachts, LLC from its defense of the claims in the Complaint and Amended Complaint. This sum will not include any attorneys' fees or costs attributable only to Lazzara's prosecution of its counterclaims.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of October, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE